## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

————————————————————————X

PARIX ARIAS on behalf of himself and all others
similarly situated,

               Plaintiff,

        -against-

CLEANLY INC., ITAY FORER, TOM HARARI, and
WASH SUPPLY LAUNDROMAT, INC.

             Defendants

————————————————————————X

**CIVIL NO.**

**COMPLAINT**

**FLSA Collective Action and
Rule 23 Class Action**

Plaintiff PARIX ARIAS, on behalf of himself and on behalf of all others similarly situated, by and through undersigned counsel, alleges as follows:

### INTRODUCTION

1.      This is a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* and is brought to remedy widespread wage and hour violations by CLEANLY INC., ("CLEANLY") that have deprived Plaintiff and all other current and former **CLEANLY** drivers, couriers and delivery drivers throughout the northeast United States of overtime and other wages to which they are entitled.

2.      Plaintiff PARIX ARIAS ("**ARIAS**") also bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and all similarly situated current and former drivers, couriers and delivery drivers who worked for **CLEANLY** in New York, to remedy violations of the labor laws of New York.

3.      **CLEANLY** misclassified its drivers as independent contractors, despite exercising extensive control over the manner in which they conducted their work.

1

4.      Under federal and New York law, employees must be paid one and one-half times their regular rate of pay for all hours over 40 worked in a week, unless they qualify for a statutory exemption.

5.      **CLEANLY** did not pay its workers time and a half for time worked over 40 hours.

6.      **CLEANLY** also shifted its own costs of doing business to its workers by taking deductions from its drivers', couriers' and delivery drivers' wages for equipment, insurance, and other expenses.

7.      Through the conduct described in this Complaint, **CLEANLY** has violated federal and state law. Accordingly, Plaintiff, on behalf of themselves and all others similarly situated, bring these claims and seek unpaid compensation, liquidated damages, reasonable attorneys' fees and costs, and all other available and appropriate relief to which they and the other drivers, couriers and delivery drivers are entitled.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

9.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the claims in the FLSA action that they form part of the same case or controversy.

10.     Defendants are subject to personal jurisdiction in New York.

11.     Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

## PARTIES

**Defendants**

12.     Defendant **CLEANLY** is a corporation organized and existing under the laws of New York who serves as its own registered agent at 118 East 28th Street_Suite 808_New York, NY 10016 and whose mainlining address is care of Itay Forer 349 W 85th Street, Apt 1 New York, NY 10024.

13.     Upon information and belief, **CLEANLY**'s gross revenue each year exceeds $500,000,

14.     **CLEANLY** is an employer within the meaning of the FLSA.

15.     Defendant Itay FORER (**FORER**) is an owner, COO, and shareholder of **CLEANLY**.

16.     Upon information and belief, **FORER** exercises sufficient control of **CLEANLY**'s day to day operations to be considered an employer of Plaintiff and those similarly situated under the FLSA.

17.     Defendant **FORER** has the power to hire and fire **CLEANLY** employees.

18.     Upon information and belief, **CLEANLY**'s managerial employees ultimately report to Defendant **FORER** regarding issues such as employee pay rates, scheduling, and record-keeping.

19.     Defendant Tom Harari (**HARARI**) is CEO, co-founder and shareholder of **CLEANLY**.

20.     Upon information and belief, **HARARI** exercises sufficient control of **CLEANLY**'s day to day operations to be considered an employer of Plaintiff and those similarly situated under the FLSA.

21.     Defendant **HARARI** has the power to hire and fire **CLEANLY** employees.

3

22.      Defendant Wash Supply Laundromat, Inc. ("**WASH SUPPLY**") is a domestic corporation registered in New York, with its principal place of business at 409 Amsterdam Ave. New York, NY 10024.

**Plaintiff Parix Arias**

23.      Plaintiff **ARIAS** has worked for **CLEANLY** as a courier driver picking up, transporting to the delivering laundry for **CLEANLY**'s accounts from June 2016 through today.

24.      From June 2016 through approximately January 2018, **ARIAS** worked approximately 10 hours a day and was paid $50 a day and $3 a bag.

25.      Defendants set **ARIAS**'s schedule.

26.      Defendants required **ARIAS** obtain his own insurance coverage and to use and maintain his own vehicle to make deliveries.

27.      Defendants did not reimburse **ARIAS** for the cost of the automobile.

28.      During this time Defendants required **ARIAS** to pay for his own auto maintenance, gasoline, and did not reimburse him for those expenses.

29.      Defendants required **ARIAS** to purchase a scale and deducted the cost of the scale from his pay.

30.      During this time **ARIAS** regularly worked seven days a week for between 70 and 80 hours per week.

31.      Defendants did not pay **ARIAS** a premium when he worked in excess of 40 hours in a workweek.

32.      From approximately January 2018 through January 2019, Defendants' unilaterally changed **ARIAS**' pay as well as his responsibilities. **ARIAS** was given only specific business accounts and was told he would receive $25 a run.

33.      Defendants paid **ARIAS** a flat rate of $120 a day.

4

34.     From January 2019 through March 2019 Defendant's again unilaterally changed **ARIAS**' pay to what was characterized as $12 a run.

35.     **ARIAS** was performing four runs a day seven days a week and working an average of 16 hours a day.

36.     From March 2019 through November 2019 **ARIAS** continued to work approximately 10 hours a day seven days a week transporting all drivers "pick-ups" from the **CLEANLY** warehouse to the Choo-Choo laundry facility (the "Choo-Choo run") and then return to the warehouse with whatever finished laundry was completed.

37.     In March 2019 Defendants again unilaterally changed **ARIAS**' pay and responsibilities performing the Choo-Choo run.

38.     At this time Defendants provided **ARIAS** a van and a gas card, although continuing to characterize him as an independent contractor.

39.     **ARIAS** was paid $20 an hour eight hours a day seven days a week and **ARIAS** was not paid overtime.

40.     In November 2019 Defendants' again unilaterally changed the terms of **ARIAS**' employment and pay.  In November 2019, Defendants' for the first time began characterizing **ARIAS** as an employee and paid him $1000 a week from alter ego entity **WASH SUPPLY**.

41.     **ARIAS** continued to work an hour eight-hour day seven days a week for the Choo-Choo run and **ARIAS** was never paid overtime.

42.     **ARIAS** began looking into a wage violation claim against **CLEANLY** and **WASH SUPPLY** and his employment was terminated in February 2020.


## COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff sue on behalf of themselves and all other **CLEANLY** drivers, couriers

and delivery drivers across the country (the "FLSA Collective"). This is an appropriate collective or representative action under 29 U.S.C. §216(b).

### CLASS ALLEGATIONS

44.     Plaintiff brings the state law causes of action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all persons who work or have worked for **CLEANLY** and **WASH SUPPLY** as drivers, couriers or delivery drivers (or in comparable roles with different titles) in New York between the date that is six years before the date this Complaint is filed and the date of final judgment in this matter (the "Class").

45.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to the Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

46.     Upon information and belief, the size of the Class is at least 50 workers.

47.     Plaintiff and the other drivers, couriers and delivery drivers are similarly situated in that they are all subject to Defendants' common plan or practice of designating them as independent contractors (when in fact their work and the extent of control Defendants exerted over them rendered them employees)  failing to pay them overtime compensation, requiring them to provide and maintain their own vehicles and fuel, and making unlawful deductions from their paychecks and retaliation for exercising their rights under Federal and New York labor law.

48.     Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

49.     The state law causes of action are properly maintainable as a class action under

Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) whether Defendants violated New York Labor Law ("NYLL"), Articles 6 and 19, and the supporting New York State Department of Labor regulations;

(b) whether Defendants refused to pay Plaintiff and the Class members overtime pay for hours worked in excess of 40 hours per workweek;

(c) whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members, and other records required by the NYLL;

(d) whether it was Defendants' policy or practice to make unlawful deductions from the wages of Plaintiff and the Class;

(e) whether it was Defendants' policy or practice to fail to furnish Plaintiff and the Class with an accurate statement of wages, hours worked, rates paid, and gross wages as required by the NYLL;

(f) whether Defendants' policy of failing to pay workers in accordance with New York law was instituted willfully or with reckless disregard of the law; and

(g) the nature and extent of class-wide injury and the measure of damages for those injuries.

50.    Plaintiff's claims are typical of the claims of the Class. Plaintiff and the members of the Class work or have worked for Defendants and have been subjected to their policy and pattern or practice of misclassifying them as independent contractors and failing to pay overtime wages for hours worked in excess of 40 hours per week.

51.     Plaintiff and the members of the Class have been subject to Defendants' policy and pattern or practice of failing to pay them overtime and making unlawful deductions to their pay and adverse conditions or termination for exercising their rights under the law. Plaintiff and the Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked, and to be paid overtime wages. Plaintiff and the members of the Class all have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL, Plaintiff and the members of the Class all have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns.

52.     Defendants acted and refused to act on grounds generally applicable to the Class, thereby making declaratory relief with respect to the Class appropriate.

53.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff understand that, as the class representatives, they assume a fiduciary responsibility to the Class to represent its interests fairly and adequately. Plaintiff recognizes that as the class representatives, he must represent and consider the interests of the Class just as he would represent and consider their own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor they own interests over those of the Class. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

54.     Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

8

55.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation — particularly in the context of wage litigation like the present action, where individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## FACTS

54.     Plaintiff and the Class Members shared common job duties - making deliveries for **CLEANLY**.

55.     Defendants unlawfully designated Plaintiff and the Class Members as independent contractors.

56.     Upon information and belief, the decision to classify Plaintiff and the Class members as independent contractors was made centrally, and not on a person-by-person basis.

57.     Defendants controlled and directed the performance of Plaintiff's and the Class members' work.

58.     Plaintiff and the Class members were not in an independently established trade, occupation, profession or business.

59.     Plaintiff and the Class members were not in business for themselves, but rather depended on Defendants' business for the opportunity to render services to the long-term

customers of Defendants.

60.     Plaintiff and the Class members had no opportunity for profit or loss without Defendants.

61.     Plaintiff and the Class members could not deal directly with Defendants' customers to offer their delivery services.

62.     Plaintiff and the Class members were required to work for Defendants to provide this service. Plaintiff and the Class members' relationship with Defendants was neither temporary nor sporadic.

63.     Plaintiff and, upon information and belief, the Class members, worked full-time.

64.     Plaintiff and, upon information and belief, the Class members, did not get paid any overtime premiums.

65.     Plaintiff and the Class members were required to adhere to a particular delivery schedule and could not come and go as they pleased.

66.     Plaintiff and the Class members were required to use their own vehicles for their work. Defendants specified the type of car that Plaintiff and Class members must drive.

67.     Plaintiff and the Class members were not reimbursed for maintaining their vehicles, for most of their gasoline expenses or for the purchases of their scales.

68.     Defendants required Plaintiff and Class members to use a specialized scale, which they were required to purchase on their own.

69.     Defendants deducted administrative fees from the paychecks of Plaintiff and Class members.

70.     Defendants exerted a great deal of control over Plaintiff and Class members' work.

71.     Defendants required Plaintiff and Class members to arrive at their designated location to pick up items for delivery at a certain time.

72.     Defendants did not provide Plaintiff and Class members with the notices required by NYLL §195.

73.     Defendants' violations have been willful and intentional in that it has known all along that Plaintiff and other drivers, couriers and delivery drivers were employees, worked more than forty hours per week, and the requirements of the law.

## FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§201 *et seq.*
### On behalf of Plaintiff and the FLSA Collective

74.     Plaintiff re-allege and incorporate by reference the previous paragraphs as if they were set forth again herein.

75.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

76.     At all times relevant, Plaintiff and the FLSA Collective members were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

77.     At all times relevant, Plaintiff and the FLSA Collective members were or have been employees within the meaning of 29 U.S.C. §§203(e), (m) and 206(a).

78.     At all times relevant, Defendants have been employers of Plaintiff and the FLSA Collective members, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203(e) and 206(a).

79.     Defendants have failed to pay Plaintiff and the FLSA Collective members overtime wages for hours that they worked in excess of 40 hours in a workweek.

80.     Based on the foregoing, Defendants' conduct in this regard was a willful violation of the FLSA and entitles Plaintiff and all other similarly situated drivers, couriers, and delivery drivers who opt into this litigation to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

**SECOND CAUSE OF ACTION**
**New York State Overtime Violations, N.Y. Lab. L. §§650 *et seq.*,**
**N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 On behalf of Plaintiff**
**and the Class**

81.     Plaintiff reallege and incorporate by reference all allegations in all preceding paragraphs.

82.     At all relevant times, Defendants have been, and continue to be, employers of Plaintiff and the Class members, and Plaintiff and the Class members have been employees of Defendants, within the meaning of the NYLL §§190, 651(5), 652 and supporting New York State Department of Labor ("NYSDOL") regulations.

83.     Plaintiff and the Class members were and are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked under the NYLL and supporting regulations.

84.     Defendants have failed to pay Plaintiff and the Class members overtime wages for hours that they worked in excess of 40 hours in a workweek.

85.     Through their knowing and intentional failure to pay Plaintiff and the members of the Class overtime for hours worked in excess of 40 in a workweek, Defendants have willfully violated the NYLL Article 19, §§650 et seq., and supporting NYSDOL regulations.

86.     Defendants failed to post, in a conspicuous place in their establishments, a notice

issued by the NYSDOL summarizing minimum wage and overtime provisions, in violation of the NYLL and supporting NYSDOL Regulations including but not limited to 12 NYCRR §142-2.8.

87.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, liquidated damages, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### THIRD CAUSE OF ACTION
**New York Notice Violations, NYLL §§195,198**
**On behalf of Plaintiff and the Class**

88.     Plaintiff reallege and incorporate by reference all allegations in all preceding paragraphs.

89.     Defendants did not provide Plaintiff and the Class members with the notices required by NYLL § 195.

90.     As a result of Defendants' unlawful conduct, Plaintiff are entitled to an award of damages pursuant to NYLL § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CAUSE OF ACTION
**New York Unlawful Deductions and Untimely Payment of Wages,**
**NYLL §§191,193 On behalf of Plaintiff and the Class**

91.     Plaintiff realleges and incorporate by reference all allegations in all preceding paragraphs.

92.     Defendants have willfully reduced the wages of Plaintiff and the members of the Class by making unlawful deductions from their wages.

93.          In addition, Defendants have required Plaintiff and the Class to incur expenses for

Defendants' benefit without reimbursement. The required and unreimbursed expenses incurred by Plaintiff and the members of the Class for the benefit of Defendants were unlawful deductions from the wages of Plaintiff and the Class members, in violation of NYLL Article 6, §193.

94.     Defendants willfully failed to pay Plaintiff all commissions owed them in a timely manner, in violation of NYLL §191.

95.     Due to these violations, Plaintiff and the members of the Class are entitled to recover from Defendants deductions from their wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.     Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. §216(b);

b.     Certification of the state law claims in this action as a class action pursuant to Federal Rule of Civil Procedure 23;

c.     Designation of Plaintiff as Class Representatives;

d.     A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

e.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

f.     Penalties available under applicable law;

g.     Restitution;

h.     Pre-Judgment and Post-Judgment interest, as provided by law;

i.     Costs of action incurred herein, including expert fees;

j.     Attorneys' fees including fees pursuant to 29 U.S.C. §216, N.Y. Lab. L. § 663 and

other applicable statutes; and Such other injunctive and equitable relief as the Court may

deem just and proper.

## JURY DEMAND

Plaintiff hereby demand a jury trial on all causes of action and claims with respect to

which they have a right to a jury trial to be held in Brooklyn, New York.

Dated this 13th day of February 2020.

PARIX ARIAS
By:

ELISA TARA GILBERT, ESQ (#EG5713)
THE GILBERT FIRM, P.C.
325 EAST 57TH STREET
NEW YORK, NY 10022
(212) 286-8524

**VERIFICATION**

STATE OF NEW YORK )

                           ) ss:

COUNTY OF  New York )

       I, Paris Arias           , being duly sworn, deposes and says that I am the claimant herein. I have read the annexed :

                Complaint

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

18th of February 2020

NOTARY PUBLIC

ELISA T. GILBERT
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02GI5042582
Qualified in New York County
Commission Expires Aug 2, 20