**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------X

PARIX ARIAS, DAGOBERTO VELEZ, KWASI DICKSON, MICHAEL HOWELL, JARED VELEZ, MAURICE PERRY, ALFREDO VALLE on behalf of themselves and all others similarly situated,

                                                                              Plaintiffs,         20-cv-860 (MKB)(PK)

-against-

CLEANLY INC., ITAY FORER, TOM HARARI, and WASH SUPPLY LAUNDOMAT, INC.

                                                                             Defendants.

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE ("Agreement")

       WHEREAS Defendants Cleanly Inc., Itay Forer and Tom Harari (collectively, the "Defendants"), on the one hand, and Plaintiff Parix Arias ("Arias"), together with Defendants, the "Parties"), on the other hand, agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve all wage and hour claims Arias has or might have against Defendants, including claims asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in the pending action: *Parix Arias v. Cleanly Inc., et al.*, No. 20-cv-860 (MKB)(PK) (the "lawsuit");

       WHEREAS, the Parties understand and agree that the Defendants deny each and every allegation of wrongdoing set forth by Arias in the lawsuit;

       WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by the Defendants of guilt or non-compliance with any federal, state, city or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever;

       WHEREAS, Arias desires, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to the Defendants;

1

WHEREAS, the terms, conditions, and implications of this Agreement, including the Release incorporated herein, have been explained to Arias by his respective attorney;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

1. **Consideration**. In consideration for Arias signing this Agreement and complying with its terms, the Defendants agree to pay to Arias the total sum of Thirty Thousand and Two Hundred Dollars and Twenty-Five Cents ($30,200.25).  This sum will be paid as follows:

   a. Installment One: A payment of Nine Thousand and Fifty Nine Dollars and Ninety Nine Cents ($9,059.99) shall be made within thirty (30) days of the Court's approval of the settlement and dismissal of this action with prejudice, so long as, by that time, Defendants have received (i) a fully executed copy of this Agreement; and (ii) an IRS Form W-9.  Payment of this sum shall be apportioned as follows:

      i. A check made payable to "Parix Arias" in the amount of Two Thousand Two Hundred and Eight Dollars and Fifty-Two Cents ($2,208.52), less applicable taxes and withholdings, to be reported on an IRS Form W-2;

      ii. A check made payable to "Parix Arias" in the amount of Two Thousand Two Hundred and Eight Dollars and Fifty-Three Cents ($2,208.53), reportable on an IRS Form 1099;

      iii. A check made payable to "The Gilbert Firm" the amount of Four Thousand Six Hundred and Forty-Two Dollars and Ninety-Four Cents ($4,642.94).  An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid.  Moreover, an IRS Form 1099 will be issued to Parix with respect to this amount after the end of the calendar year in which this check is paid.

   b. Installment Two: The total installment amount of Nine Thousand Six Hundred and Sixty-Four Dollars and No Cents ($9,664.00) shall be made in four (4) equal quarterly payments in the amount of Two Thousand Four Hundred and Sixteen Dollars and No Cents ($2,416.00), with the first such payment due on the first business day three months following the deadline for the first installment payment referenced in Section 2(a) above.  Each of these individual four (4) installment payments shall be apportioned as follows:

      i. A check made payable to "Parix Arias" in the amount of Eight Hundred and Five Dollars and Seventy-Three Cents ($805.73), less applicable taxes and withholdings, to be reported on an IRS Form W-2;

      ii. A check made payable to "Parix Arias" in the amount of Eight Hundred and Five Dollars and Seventy-Four Cents ($805.74), reportable on an IRS Form 1099;

      iii. A check made payable to "The Gilbert Firm" the amount of Eight

Hundred and Four Dollars and Fifty-Three Cents ($804.53). An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid. Moreover, an IRS Form 1099 will be issued to Parix with respect to this amount after the end of the calendar year in which this check is paid.

      c.    <u>Installment Three:</u> The total installment amount of Eleven Thousand Four Hundred and Seventy-Six Dollars and Twenty-Six Cents ($11,476.26) shall be made in six (6) equal monthly payments in the amount of One Thousand Nine Hundred and Twelve Dollars and Seventy-One Cents ($1,912.71). The first of these six installments shall be due on the first business day one (1) month following the due date of the last installment payment set forth in Section 1(b) above. Each of these monthly installment payments shall be apportioned as follows:

          i.    A check made payable to "Parix Arias" in the amount of Six Hundred and Thirty-Seven Dollars and Ninety Cents ($637.90), less applicable taxes and withholdings. An IRS Form W-2 will be issued to Arias with respect to this amount after the end of the calendar year in which this amount is paid;

          ii.    A check made payable to "Parix Arias" in the amount of Six Hundred and Thirty-Seven Dollars and Ninety Cents ($637.90). An IRS Form 1099 will be issued to Arias with respect to this amount after the end of the calendar year in which this amount is paid;

          iii.    A check made payable to "The Gilbert Firm" the amount of Six Hundred and Thirty-Six Dollars and Ninety-One Cents ($636.91), An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid. Moreover, an IRS Form 1099 will be issued to Arias with respect to this amount after the end of the calendar year in which this check is paid.

      d.    As set forth above, no portion of the Settlement Sum shall be due until: (i) Defendants receive a copy of the Agreement executed by Arias; (ii) Defendants receive completed IRS Forms W-9 from Valle, as well as W-9 from The Gilbert Firm; and (iii) the Court so orders the Stipulation of Dismissal, attached hereto as Exhibit A, dismissing the lawsuit, with prejudice.

      e.    Arias agrees and acknowledges that Defendants and his counsel have not made any representations to them regarding the tax consequences of any payments or amounts received by them pursuant to this Agreement. Arias agree to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the settlement payments. However, if the IRS determines that any monies paid to Arias pursuant to a 1099 should have been paid pursuant to a W-2, Defendants will pay their share of any FICA payment that would have been due and owing.

      f.    All Defendants shall execute Confessions of Judgment in the amount of $200,000.00 (Two Hundred Thousand Dollars), within ten (10) days of Defendants' counsel's receipt of an executed copy of this Agreement by the Arias. In the event of a breach of the payment obligations set forth in paragraph 1 herein, Arias, through his counsel, shall notify Defendants in writing, through their counsel, of the default. The Defendants shall then have twenty-eight (28)

days to cure the breach. In the event that Defendants do not cure the breach within the cure period, Arias shall be entitled to file the confessions of judgment for the full amount, less any amounts already paid. This shall be Arias's only recourse for a breach of this Agreement. Arias cannot seek to reinstitute the litigation. The original of the Affidavit of Confession of Judgment shall remain in the possession of The Gilbert Firm and, upon satisfaction of the payment obligations set forth in this Agreement, shall be destroyed. The Gilbert Firm shall confirm in writing the destruction of the Confessions of Judgement.

2. **No Consideration Absent Execution of this Agreement.** Arias understands and agrees that he would not receive the monies specified in paragraph "1" above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Wage and Hour Claims.** Arias knowingly and voluntarily releases and forever discharge, to the full extent permitted by law, the Defendants, as well as Cleanly, Inc.'s current and former owners, stockholders, predecessors, successors, assigns, directors, officers, employees, attorneys, insurers, reinsurers, parents and subsidiaries, ("Releasees"), from any and all wage and hour claims, including, but not limited to, claims under the FLSA and NYLL, that the Arias has or may have against Releasees as of the date of the Arias's execution of this Agreement, whether known or unknown, asserted or unasserted, including for attorneys' fees and costs in connection with any asserted or unasserted wage and hour claim.

4. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the general release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

5. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

6. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

7. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto with respect to the Arias's wage and hour claims against the Defendants, and fully supersedes any prior agreements or understandings between the Parties with respect to the Arias's wage and hour claims. Arias acknowledges that he has not relied on any representations, promises, or agreements of any kind made to them in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

8. **Counterparts.** This Agreement may be executed in any number of counterparts,

each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

        9. **Facsimile and Electronic Signatures.** Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**ARIAS IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**ARIAS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

        The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

PARIX ARIAS

By:_____
     Parix Arias

Date:_____

CLEANLY, INC.

By:_____
     Kam Saifi

Date:_____

TOM HARARI

By:_____
     Tom Harari

Date:_____

ITAY FORER

5

By:_____
    Itay Forer

Date:_____

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

PARIX ARIAS, DAGOBERTO VELEZ, KWASI DICKSON, MICHAEL HOWELL, JARED VELEZ, MAURICE PERRY, ALFREDO VALLE on behalf of themselves and all others similarly situated,

            Plaintiffs,

  -against-

CLEANLY INC., ITAY FORER, TOM HARARI, and WASH SUPPLY LAUNDOMAT, INC.

            Defendants.

20-cv-860 (MKB)(PK)

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE

  This Court, having considered and inspected the Settlement Agreement and Wage and Hour Release between the Parties in the above-captioned action, IT IS HEREBY ORDERED that: (1) the settlement is approved; and (2) the above-captioned action is hereby dismissed with prejudice in its entirety against Defendants with no award of attorneys' fees or costs to any party.

Respectfully submitted,

By: _____
Adam S. Gross, Esq.
JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
*ATTORNEYS FOR DEFENDANTS*

By: _____
Elisa Gilbert, Esq.
THE GILBERT FIRM
325 E. 57th Street
New York, New York 10022
*ATTORNEYS FOR PLAINTIFFS*

SO ORDERED on this _____ day of _____, 2021.

7

Hon. Peggy Kuo
United States Magistrate Judge