**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

PARIX ARIAS, DAGBOERTO VELEZ, KWASI
DICKSON, MICHAEL HOWELL, JARED VELEZ,
MAURICE PERRY, ALFREDO VALLE on behalf of
themselves and all others similarly situated,

                                Plaintiffs,

             -against-

CLEANLY INC., ITAY FORER, TOM HARARI, and
WASH SUPPLY LAUNDOMAT, INC.

                        Defendants.

20-cv-860 (MKB)(PK)

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE ("Agreement")

WHEREAS Defendants Cleanly Inc., Itay Forer and Tom Harari (collectively, the "Defendants"), on the one hand, and Plaintiff Kwasi Dickson ("Dickson"), together with Defendants, the "Parties"), on the other hand, agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve all wage and hour claims Dickson has or might have against Defendants, including claims asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in the pending action: *Parix Arias v. Cleanly Inc., et al.*, No. 20-cv-860 (MKB)(PK) (the "lawsuit");

WHEREAS, the Parties understand and agree that the Defendants deny each and every allegation of wrongdoing set forth by Dickson in the lawsuit;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by the Defendants of guilt or non-compliance with any federal, state, city or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever;

WHEREAS, Dickson desires, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to the Defendants;

1

DocuSign Envelope ID: D451808D-E660-4530-90C6-046FD5E4E033

WHEREAS, the terms, conditions, and implications of this Agreement, including the Release incorporated herein, have been explained to Dickson by his respective attorney;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

1.    **Consideration**. In consideration for Dickson signing this Agreement and complying with its terms, the Defendants agree to pay to Dickson the total sum of Ten Thousand Two Hundred and Ninety-Nine Dollars and Eighty-Seven Cents ($10,299.87).  This sum will be paid as follows:

a.    Installment One: A payment of Three Thousand and Eighty Nine Dollars and Ninety Nine Cents ($3,089.99) shall be made within thirty (30) days of the Court's approval of the settlement and dismissal of this action with prejudice, so long as, by that time, Defendants have received (i) a fully executed copy of this Agreement; and (ii) an IRS Form W-9.  Payment of this sum shall be apportioned as follows:

i.    A check made payable to "Kwasi Dickson" in the amount of Seven Hundred and Fifty-Three Dollars and Twenty-Three Cents ($753.23), less applicable taxes and withholdings, to be reported on an IRS Form W-2;

ii.    A check made payable to "Kwasi Dickson" in the amount of Seven Hundred and Fifty-Three Dollars and Twenty-Four Cents ($753.24), reportable on an IRS Form 1099;

iii.    A check made payable to "The Gilbert Firm" the amount of One Thousand Five Hundred and Eighty-Three Dollars and Fifty-Two Cents ($1,583.52).  An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid.  Moreover, an IRS Form 1099 will be issued to Dickson with respect to this amount after the end of the calendar year in which this check is paid.

b.    Installment Two: The total installment amount of Three Thousand Two Hundred and Ninety-Five Dollars and Ninety-Six Cents ($3,295.96) shall be made in four (4) equal quarterly payments in the amount of Eight Hundred Twenty Three Dollars and Ninety Nine Cents ($823.99), with the first such payment due on the first business day three months following the deadline for the first installment payment referenced in Section 2(a) above.  Each of these individual four (4) installment payments shall be apportioned as follows:

i.    A check made payable to "Kwasi Dickson" in the amount of Two Hundred and Seventy-Four Dollars and Eighty Cents ($274.80), less applicable taxes and withholdings, to be reported on an IRS Form W-2;

ii.    A check made payable to "Kwasi Dickson" in the amount of Two Hundred and Seventy-Four Dollars and Eighty Cents ($274.80), reportable on an IRS Form 1099;

DocuSign Envelope ID: D451808D-E660-4530-80C6-046FD5E4E033

     iii.     A check made payable to "The Gilbert Firm" the amount of Two Hundred and Seventy-Four Dollars and Thirty-Nine Cents ($274.39). An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid.  Moreover, an IRS Form 1099 will be issued to Dickson with respect to this amount after the end of the calendar year in which this check is paid.

     c.     <u>Installment Three:</u> The total installment amount of Three Thousand Nine Hundred and Thirteen Dollars and Ninety-Two ($3913.92) shall be made in six (6) equal monthly payments in the amount of Six Hundred and Fifty-Two Dollars and Thirty Two Cents ($652.32). The first of these six installments shall be due on the first business day one (1) month following the due date of the last installment payment set forth in Section 1(b) above.  Each of these monthly installment payments shall be apportioned as follows:

     i.     A check made payable to "Kwasi Dickson" in the amount of Two Hundred and Seventeen Dollars and Fifty-Five Cents ($217.55), less applicable taxes and withholdings. An IRS Form W-2 will be issued to Dickson with respect to this amount after the end of the calendar year in which this amount is paid;

     ii.     A check made payable to "Kwasi Dickson" in the amount of Two Hundred and Seventeen Dollars and Fifty-Five Cents ($217.55). An IRS Form 1099 will be issued to Dickson with respect to this amount after the end of the calendar year in which this amount is paid;

     iii.     A check made payable to "The Gilbert Firm" the amount of Two Hundred and Seventeen Dollars and Twenty-Two Cents ($217.22).  An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid.  Moreover, an IRS Form 1099 will be issued to Dickson with respect to this amount after the end of the calendar year in which this check is paid.

     d.     As set forth above, no portion of the Settlement Sum shall be due until: (i) Defendants receive a copy of the Agreement executed by Dickson; (ii) Defendants receive completed IRS Forms W-9 from Dickson, as well as W-9 from The Gilbert Firm; and (iii) the Court so orders the Stipulation of Dismissal, attached hereto as Exhibit A, dismissing the lawsuit, with prejudice.

     e.     Dickson agrees and acknowledges that Defendants and his counsel have not made any representations to them regarding the tax consequences of any payments or amounts received by them pursuant to this Agreement. Dickson agree to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the settlement payments. However, if the IRS determines that any monies paid to Dickson pursuant to a 1099 should have been paid pursuant to a W-2, Defendants will pay their share of any FICA payment that would have been due and owing.

     f.     All Defendants shall execute Confessions of Judgment in the amount of $200,000.00 (Two Hundred Thousand Dollars), within ten (10) days of Defendants' counsel's

DocuSign Envelope ID: D451808D-E660-4530-80C6-046FD5E4E033

receipt of an executed copy of this Agreement by the Dickson. In the event of a breach of the payment obligations set forth in paragraph 1 herein, Dickson, through his counsel, shall notify Defendants in writing, through their counsel, of the default. The Defendants shall then have twenty-eight (28) days to cure the breach. In the event that Defendants do not cure the breach within the cure period, Dickson shall be entitled to file the confessions of judgment for the full amount, less any amounts already paid. This shall be Dickson's only recourse for a breach of this Agreement. Dickson cannot seek to reinstitute the litigation. The original of the Affidavit of Confession of Judgment shall remain in the possession of The Gilbert Firm and, upon satisfaction of the payment obligations set forth in this Agreement, shall be destroyed. The Gilbert Firm shall confirm in writing the destruction of the Confessions of Judgement.

2. **No Consideration Absent Execution of this Agreement.** Dickson understands and agrees that he would not receive the monies specified in paragraph "1" above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Wage and Hour Claims.** Dickson knowingly and voluntarily releases and forever discharge, to the full extent permitted by law, the Defendants, as well as Cleanly, Inc.'s current and former owners, stockholders, predecessors, successors, assigns, directors, officers, employees, attorneys, insurers, reinsurers, parents and subsidiaries, ("Releasees"), from any and all wage and hour claims, including, but not limited to, claims under the FLSA and NYLL, that the Dickson has or may have against Releasees as of the date of the Dickson's execution of this Agreement, whether known or unknown, asserted or unasserted, including for attorneys' fees and costs in connection with any asserted or unasserted wage and hour claim.

4. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the general release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

5. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

6. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

7. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto with respect to the Dickson's wage and hour claims against the Defendants, and fully supersedes any prior agreements or understandings between the Parties with respect to the Dickson's wage and hour claims. Dickson acknowledges that he has not relied on any

4

representations, promises, or agreements of any kind made to them in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

      8.    **Counterparts.**  This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

      9.    **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**DICKSON IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**DICKSON FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

      The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

KWASI DICKSON

By:_____
      Kwasi Dickson

Date:_____07 / 08 / 2021_____

CLEANLY, INC.

By:_____
      Kam Saifi

Date:_____

TOM HARARI

By:_____
      Tom Harari

5

representations, promises, or agreements of any kind made to them in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

8. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

9. **Facsimile and Electronic Signatures.** Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**DICKSON IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**DICKSON FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

KWASI DICKSON

By:_____
        Kwasi Dickson

Date:_____


CLEANLY, INC.

By:_____
        Kam Saifi

Date:_____


TOM HARARI

By: *Tom Harari*_____
        Tom Harari

5

DocuSign Envelope ID: D451808D-E660-4530-80C6-046FD5E4E033

Date: 7/8/2021
_____

ITAY FORER

By: _____
    Itay Forer

Date: 7/8/2021
_____

representations, promises, or agreements of any kind made to them in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

8.  **Counterparts.**  This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

9.  **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**DICKSON IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**DICKSON FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

KWASI DICKSON

By:_____
    Kwasi Dickson

Date:_____


CLEANLY, INC.

By:___*Zack Saifi*_____
    Zack Saifi

Date:___7/14/2021_____


TOM HARARI

By:_____
    Tom Harari

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

PARIX ARIAS, DAGBOERTO VELEZ, KWASI
DICKSON, MICHAEL PERRY, JARED VELEZ,
MAURICE PERRY, ALFREDO VALLE on behalf of
themselves and all others similarly situated,

          Plaintiffs,   20-cv-860 (MKB)(PK)

     -against-

CLEANLY INC., ITAY FORER, TOM HARARI, and
WASH SUPPLY LAUNDOMAT, INC.

          Defendants.

------------------------------------------------------------X

<u>**NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE ("Agreement")**</u>

    WHEREAS Defendants Cleanly Inc., Itay Forer and Tom Harari (collectively, the "Defendants"), on the one hand, and Plaintiff Maurice Perry ("Perry"), together with Defendants, the "Parties"), on the other hand, agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve all wage and hour claims Perry has or might have against Defendants, including claims asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in the pending action: *Parix Arias v. Cleanly Inc., et al.*, No. 20-cv-860 (MKB)(PK) (the "lawsuit");

    WHEREAS, the Parties understand and agree that the Defendants deny each and every allegation of wrongdoing set forth by Perry in the lawsuit;

    WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by the Defendants of guilt or non-compliance with any federal, state, city or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever;

    WHEREAS, Perry desires, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to the Defendants;

1

WHEREAS, the terms, conditions, and implications of this Agreement, including the Release incorporated herein, have been explained to Perry by his respective attorney;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

1.  **<u>Consideration</u>**. In consideration for Perry signing this Agreement and complying with its terms, the Defendants agree to pay to Perry the total sum of Ten Thousand and Five Hundred Dollars and One Cent. This sum will be paid as follows:

a.  <u>Installment One</u>: A payment of Three Thousand One Hundred and Fifty Dollars and One Cents ($3,150.01) shall be made within thirty (30) days of the Court's approval of the settlement and dismissal of this action with prejudice, so long as, by that time, Defendants have received (i) a fully executed copy of this Agreement; and (ii) an IRS Form W-9. Payment of this sum shall be apportioned as follows:

i.  A check made payable to "Maurice Perry" in the amount of Seven Hundred and Sixty-Seven Dollars and Eighty-Six Cents ($767.86), less applicable taxes and withholdings, to be reported on an IRS Form W-2;

ii.  A check made payable to "Maurice Perry" in the amount of Seven Hundred and Sixty-Seven Dollars and Eighty-Seven Cents ($767.88), reportable on an IRS Form 1099;

iii.  A check made payable to "The Gilbert Firm" the amount of One Thousand Six Hundred and Fourteen Dollars and Twenty-Seven Cents ($1,614.27). An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid. Moreover, an IRS Form 1099 will be issued to Perry with respect to this amount after the end of the calendar year in which this check is paid.

b.  <u>Installment Two</u>: The total installment amount of Three Thousand Three Hundred and Sixty Dollars and No Cents ($3,360.00) shall be made in four (4) equal quarterly payments in the amount of Eight Hundred and Forty Dollars and No Cents ($840.00), with the first such payment due on the first business day three months following the deadline for the first installment payment referenced in Section 2(a) above. Each of these individual four (4) installment payments shall be apportioned as follows:

i.  A check made payable to "Maurice Perry" in the amount of Two Hundred and Eighty Dollars and Fourteen Cents ($280.14), less applicable taxes and withholdings, to be reported on an IRS Form W-2;

ii.  A check made payable to "Maurice Perry" in the amount of Two Hundred and Eighty Dollars and Fourteen Cents ($280.14), reportable on an IRS Form 1099;

iii.  A check made payable to "The Gilbert Firm" the amount of Two

2

Hundred and Seven-Nine Dollars and Seventy-Two Cents ($279.72).  An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid.  Moreover, an IRS Form 1099 will be issued to Perry with respect to this amount after the end of the calendar year in which this check is paid.

      c.    <u>Installment Three:</u> The total installment amount of Three Thousand Nine Hundred and Ninety Dollars ($3,990.00) shall be made in six (6) equal monthly payments in the amount of Six Hundred and Sixty-Five Dollars and No Cents ($665.00).  The first of these six installments shall be due on the first business day one (1) month following the due date of the last installment payment set forth in Section 1(b) above.  Each of these monthly installment payments shall be apportioned as follows:

      i.    A check made payable to "Maurice Perry" in the amount of Two Hundred and Twenty-One Dollars and Seventy-Eight Cents ($221.78), less applicable taxes and withholdings. An IRS Form W-2 will be issued to Perry with respect to this amount after the end of the calendar year in which this amount is paid;

      ii.    A check made payable to "Maurice Perry" in the amount of Two Hundred and Twenty-One Dollars and Seventy-Eight Cents ($221.78).  An IRS Form 1099 will be issued to Perry with respect to this amount after the end of the calendar year in which this amount is paid;

      iii.    A check made payable to "The Gilbert Firm" the amount of Two Hundred and Twenty-One Dollars and Forty-Four Cents ($221.44).  An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid.  Moreover, an IRS Form 1099 will be issued to Perry with respect to this amount after the end of the calendar year in which this check is paid.

      d.    As set forth above, no portion of the Settlement Sum shall be due until: (i) Defendants receive a copy of the Agreement executed by Perry; (ii) Defendants receive completed IRS Forms W-9 from Perry, as well as W-9 from The Gilbert Firm; and (iii) the Court so orders the Stipulation of Dismissal, attached hereto as Exhibit A, dismissing the lawsuit, with prejudice.

      e.    Perry agrees and acknowledges that Defendants and his counsel have not made any representations to them regarding the tax consequences of any payments or amounts received by them pursuant to this Agreement. Perry agree to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the settlement payments. However, if the IRS determines that any monies paid to Perry pursuant to a 1099 should have been paid pursuant to a W-2, Defendants will pay their share of any FICA payment that would have been due and owing.

      f.    All Defendants shall execute Confessions of Judgment in the amount of $200,000.00 (Two Hundred Thousand Dollars), within ten (10) days of Defendants' counsel's receipt of an executed copy of this Agreement by the Perry. In the event of a breach of the payment obligations set forth in paragraph 1 herein, Perry, through his counsel, shall notify Defendants in

3

writing, through their counsel, of the default. The Defendants shall then have twenty-eight (28) days to cure the breach. In the event that Defendants do not cure the breach within the cure period, Perry shall be entitled to file the confessions of judgment for the full amount, less any amounts already paid. This shall be Perry's only recourse for a breach of this Agreement. Perry cannot seek to reinstitute the litigation. The original of the Affidavit of Confession of Judgment shall remain in the possession of The Gilbert Firm and, upon satisfaction of the payment obligations set forth in this Agreement, shall be destroyed. The Gilbert Firm shall confirm in writing the destruction of the Confessions of Judgement.

2. **No Consideration Absent Execution of this Agreement.** Perry understands and agrees that he would not receive the monies specified in paragraph "1" above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Wage and Hour Claims.** Perry knowingly and voluntarily releases and forever discharge, to the full extent permitted by law, the Defendants, as well as Cleanly, Inc.'s current and former owners, stockholders, predecessors, successors, assigns, directors, officers, employees, attorneys, insurers, reinsurers, parents and subsidiaries, ("Releasees"), from any and all wage and hour claims, including, but not limited to, claims under the FLSA and NYLL, that the Perry has or may have against Releasees as of the date of the Perry's execution of this Agreement, whether known or unknown, asserted or unasserted, including for attorneys' fees and costs in connection with any asserted or unasserted wage and hour claim.

4. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the general release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

5. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

6. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

7. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto with respect to the Perry's wage and hour claims against the Defendants, and fully supersedes any prior agreements or understandings between the Parties with respect to the Perry's wage and hour claims. Perry acknowledges that he has not relied on any representations, promises, or agreements of any kind made to them in connection with his decision to accept this Agreement,

except for those set forth in this Agreement.

8. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

9. **Facsimile and Electronic Signatures.** Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**PERRY IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**PERRY FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

MAURICE PERRY

By:_____
    Maurice Perry

Date:_____
    07 / 08 / 2021

CLEANLY, INC.

By:_____
    Kam Saifi

Date:_____

TOM HARARI

By:_____
    Tom Harari

Date:_____

5

Doc ID: da4f1b958cacb5d74dd3008d744df5c90bef76c0

except for those set forth in this Agreement.

8.    **Counterparts.**  This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

9.    **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**PERRY IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**PERRY FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

MAURICE PERRY

By:_____
     Maurice Perry

Date:_____

CLEANLY, INC.

By:_____
     Kam Saifi

Date:_____

TOM HARARI

By:___*Tom Harari*_____
     Tom Harari

Date:__7/8/2021_____

ITAY FORER

By:_____
      Itay Forer

Date:_____
     7/8/2021

except for those set forth in this Agreement.

8. **Counterparts.**  This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

9. **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**PERRY IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**PERRY FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

MAURICE PERRY

By:_____
        Maurice Perry

Date:_____

CLEANLY, INC.
                *Zack Saifi*
By:_____
        Zack Saifi

        7/14/2021
Date:_____

TOM HARARI

By:_____
        Tom Harari

Date:_____

5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

PARIX ARIAS, DAGBOERTO VELEZ, KWASI
DICKSON, MICHAEL HOWELL, JARED VELEZ,
MAURICE PERRY, ALFREDO VALLE on behalf of
themselves and all others similarly situated,

                                  Plaintiffs,            20-cv-860 (MKB)(PK)

                  -against-

CLEANLY INC., ITAY FORER, TOM HARARI, and
WASH SUPPLY LAUNDOMAT, INC.

                              Defendants.

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE ("Agreement")

        WHEREAS Defendants Cleanly Inc., Itay Forer and Tom Harari (collectively, the "Defendants"), on the one hand, and Plaintiff Michael Howell ("Howell"), together with Defendants, the "Parties"), on the other hand, agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve all wage and hour claims Howell has or might have against Defendants, including claims asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in the pending action: *Parix Arias v. Cleanly Inc., et al.*, No. 20-cv-860 (MKB)(PK) (the "lawsuit");

        WHEREAS, the Parties understand and agree that the Defendants deny each and every allegation of wrongdoing set forth by Howell in the lawsuit;

        WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by the Defendants of guilt or non-compliance with any federal, state, city or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever;

        WHEREAS, Howell desires, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to the Defendants;

1

WHEREAS, the terms, conditions, and implications of this Agreement, including the Release incorporated herein, have been explained to Howell by his respective attorney;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

1.    **Consideration**. In consideration for Howell signing this Agreement and complying with its terms, the Defendants agree to pay to Howell the total sum of Two Thousand Nine Hundred and Ninety-Nine Thousand Dollars and Sixty-Eight Cents ($2,999.68).  This sum will be paid as follows:

a.    Installment One: A payment of Nine Hundred Dollars and No Cents ($900.00) shall be made within thirty (30) days of the Court's approval of the settlement and dismissal of this action with prejudice, so long as, by that time, Defendants have received (i) a fully executed copy of this Agreement; and (ii) an IRS Form W-9 for both Howell and his counsel. Payment of this sum shall be apportioned as follows:

i.    A check made payable to "Michael Howell" in the amount of Two Hundred and Nineteen Dollars and Thirty-Nine Cents ($219.39), less applicable taxes and withholdings, to be reported on an IRS Form W-2;

ii.    A check made payable to "Michael Howell" in the amount of Two Hundred and Nineteen Dollars and Thirty-Nine Cents ($219.39), reportable on an IRS Form 1099;

iii.    A check made payable to "The Gilbert Firm" in the amount of Four Hundred and Sixty-One Dollars and Twenty-Two Cents ($461.22).  An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid.  Moreover, an IRS Form 1099 will be issued to Howell with respect to this amount after the end of the calendar year in which this check is paid.

b.    Installment Two: The total installment amount of Nine Hundred and Fifty-Nine Dollars and Sixty-Eight Cents ($959.68) shall be made in four (4) equal quarterly payments in the amount of Two Hundred and Thirty-Nine Dollars and Ninety Two Cents ($239.92), with the first such payment due on the first business day three months following the deadline for the first installment payment referenced in Section 2(a) above.  Each of these individual four (4) installment payments shall be apportioned as follows:

i.    A check made payable to "Michael Howell" in the amount of Eighty Dollars and No Cents ($80.00), less applicable taxes and withholdings, to be reported on an IRS Form W-2;

ii.    A check made payable to "Michael Howell" in the amount of Eighty Dollars and No Cents ($80.00), reportable on an IRS Form 1099;

iii.    A check made payable to "The Gilbert Firm" in the amount of

Seventy-Nine Dollars and Ninety-Two Cents ($79.92). An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid. Moreover, an IRS Form 1099 will be issued to Howell with respect to this amount after the end of the calendar year in which this check is paid.

      c.    <u>Installment Three:</u> The total installment amount of One Thousand One Hundred and Forty Dollars ($1,140.00) shall be made in six (6) equal monthly payments in the amount of One Hundred and Ninety Dollars and No Cents ($190.00). The first of these six installments shall be due on the first business day one (1) month following the due date of the last installment payment set forth in Section 1(b) above. Each of these monthly installment payments shall be apportioned as follows:

      i.    A check made payable to "Michael Howell" in the amount of Sixty-Three Dollars and Thirty-Five Cents ($63.35), less applicable taxes and withholdings. An IRS Form W-2 will be issued to Howell with respect to this amount after the end of the calendar year in which this amount is paid;

      ii.    A check made payable to "Michael Howell" in the amount of Sixty-Three Dollars and Thirty-Five Cents ($63.35). An IRS Form 1099 will be issued to Howell with respect to this amount after the end of the calendar year in which this amount is paid;

      iii.    A check made payable to "The Gilbert Firm" in the amount of Sixty-Three Dollars and Thirty Cents ($63.30). An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid. Moreover, an IRS Form 1099 will be issued to Howell with respect to this amount after the end of the calendar year in which this check is paid.

      d.    All of the aforementioned settlement payments shall be sent by Defendants to Plaintiffs' counsel. As set forth above, no portion of the Settlement Sum shall be due until: (i) Defendants receive a copy of the Agreement executed by Howell; (ii) Defendants receive completed IRS Form W-9 from Howell, as well as The Gilbert Firm; and (iii) the Court so orders the Stipulation of Dismissal, attached hereto as Exhibit A, dismissing the lawsuit, with prejudice.

      e.    Howell agrees and acknowledges that Defendants and their counsel have not made any representations to him regarding the tax consequences of any payments or amounts received by him pursuant to this Agreement. Howell agrees to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the settlement payments. However, if the IRS determines that any monies paid to Howell pursuant to a 1099 should have been paid pursuant to a W-2, Defendants will pay their share of any FICA payment that would have been due and owing.

      f.    All Defendants shall execute Confessions of Judgment in the amount of $200,000.00 (Two Hundred Thousand Dollars), within ten (10) days of Defendants' counsel's receipt of an executed copy of this Agreement by Howell. In the event of a breach of the payment obligations set forth in paragraph 1 herein, Howell, through his counsel, shall notify Defendants

in writing, through their counsel, of the default. The Defendants shall then have twenty-eight (28) days to cure the breach. In the event that Defendants do not cure the breach within the cure period, Howell shall be entitled to file the confessions of judgment for the full amount, less any amounts already paid. This shall be Howell's only recourse for a breach of this Agreement. Howell cannot seek to reinstitute the litigation. The original of the Affidavit of Confession of Judgment shall remain in the possession of The Gilbert Firm and, upon satisfaction of the payment obligations set forth in this Agreement, shall be destroyed. The Gilbert Firm shall confirm in writing the destruction of the Confessions of Judgement.

2.    **No Consideration Absent Execution of this Agreement.** Howell understands and agrees that he would not receive the monies specified in paragraph "1" above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

3.    **Release of Wage and Hour Claims.** Howell knowingly and voluntarily releases and forever discharge, to the full extent permitted by law, the Defendants, as well as Cleanly, Inc.'s current and former owners, stockholders, predecessors, successors, assigns, directors, officers, employees, attorneys, insurers, reinsurers, parents and subsidiaries, ("Releasees"), from any and all wage and hour claims, including, but not limited to, claims under the FLSA and NYLL, that the Howell has or may have against Releasees as of the date of the Howell's execution of this Agreement, whether known or unknown, asserted or unasserted, including for attorneys' fees and costs in connection with any asserted or unasserted wage and hour claim.

4.    **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the general release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

5.    **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

6.    **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

7.    **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto with respect to the Howell's wage and hour claims against the Defendants, and fully supersedes any prior agreements or understandings between the Parties with respect to the Howell's wage and hour claims. Howell acknowledges that he has not relied on any representations, promises, or agreements of any kind made to them in connection with his decision

to accept this Agreement, except for those set forth in this Agreement.

       8.    **Counterparts.**  This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

       9.    **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**HOWELL IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**HOWELL FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) below:

MICHAEL HOWELL

By:_____
      Michael Howell

Date:\_07 / 08 / 2021_____

CLEANLY, INC.

By:_____
      Kam Saifi

Date:_____

TOM HARARI

By:_____
      Tom Harari

Date:_____

ITAY FORER

Doc ID: a633f366aff6b2daa62d3b7345092cf11ad5a374

DocuSign Envelope ID: D451808D-5669-4530-80C6-046ED5E4E033

to accept this Agreement, except for those set forth in this Agreement.

8.     **Counterparts.**  This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

9.     **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**HOWELL IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**HOWELL FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) below:

MICHAEL HOWELL

By:_____
         Michael Howell

Date:_____

CLEANLY, INC.

By:_____
         Kam Saifi

Date:_____

TOM HARARI

By:___*Tom Harari*_____
         Tom Harari

Date:___7/8/2021_____

ITAY FORER

By:_____
        Itay Forer

Date: 7/8/2021
_____

to accept this Agreement, except for those set forth in this Agreement.

      8.    **Counterparts.**  This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

      9.    **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**HOWELL IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**HOWELL FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) below:

MICHAEL HOWELL

By:_____
      Michael Howell

Date:_____

CLEANLY, INC.

By:\_*Zack Saifi*_____
      Zack Saifi
      7/14/2021
Date:_____

TOM HARARI

By:_____
      Tom Harari

Date:_____

ITAY FORER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

PARIX ARIAS, DAGBOERTO VELEZ, KWASI
DICKSON, MICHAEL VALLE, JARED VELEZ,
MAURICE PERRY, ALFREDO VALLE on behalf of
themselves and all others similarly situated,

                                          Plaintiffs,            20-cv-860 (MKB)(PK)

                    -against-

CLEANLY INC., ITAY FORER, TOM HARARI, and
WASH SUPPLY LAUNDOMAT, INC.

                                          Defendants.

---------------------------------------------------------------X

### NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE ("Agreement")

WHEREAS Defendants Cleanly Inc., Itay Forer and Tom Harari (collectively, the "Defendants"), on the one hand, and Plaintiff Alfredo Valle ("Valle"), together with Defendants, the "Parties"), on the other hand, agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve all wage and hour claims Valle has or might have against Defendants, including claims asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in the pending action: *Parix Arias v. Cleanly Inc., et al.*, No. 20-cv-860 (MKB)(PK) (the "lawsuit");

WHEREAS, the Parties understand and agree that the Defendants deny each and every allegation of wrongdoing set forth by Valle in the lawsuit;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by the Defendants of guilt or non-compliance with any federal, state, city or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever;

WHEREAS, Valle desires, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to the Defendants;

1

WHEREAS, the terms, conditions, and implications of this Agreement, including the Release incorporated herein, have been explained to Valle by his respective attorney;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

1.      **<u>Consideration</u>**. In consideration for Valle signing this Agreement and complying with its terms, the Defendants agree to pay to Valle the total sum of Fifteen Thousand Dollars and Thirty Cents ($15,000.30).  This sum will be paid as follows:

a.      <u>Installment One</u>: A payment of Four Thousand and Five Hundred Dollars and No Cents ($4,500.00) shall be made within thirty (30) days of the Court's approval of the settlement and dismissal of this action with prejudice, so long as, by that time, Defendants have received (i) a fully executed copy of this Agreement; and (ii) an IRS Form W-9.  Payment of this sum shall be apportioned as follows:

i.      A check made payable to "Alfredo Valle" in the amount of One Thousand Ninety-Six Dollars and Ninety-Five Cents ($1,096.95), less applicable taxes and withholdings, to be reported on an IRS Form W-2;

ii.      A check made payable to "Alfredo Valle" in the amount of One Thousand Ninety-Six Dollars and Ninety-Five Cents ($1,096.95), reportable on an IRS Form 1099;

iii.      A check made payable to "The Gilbert Firm" the amount of Two Thousand Three Hundred and Six Dollars and Ten Cents ($2,306.10).  An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid.  Moreover, an IRS Form 1099 will be issued to Valle with respect to this amount after the end of the calendar year in which this check is paid.

b.      <u>Installment Two</u>: The total installment amount of Four Thousand Eight Hundred Dollars and No Cents ($4,800.00) shall be made in four (4) equal quarterly payments in the amount of Twelve Hundred Dollars and No Cents ($1,200.00), with the first such payment due on the first business day three months following the deadline for the first installment payment referenced in Section 2(a) above.  Each of these individual four (4) installment payments shall be apportioned as follows:

i.      A check made payable to "Alfredo Valle" in the amount of Four Hundred Dollars and Two Cents ($400.20), less applicable taxes and withholdings, to be reported on an IRS Form W-2;

ii.      A check made payable to "Alfredo Valle" in the amount of Four Hundred Dollars and Twenty Cents ($400.20), reportable on an IRS Form 1099;

iii.      A check made payable to "The Gilbert Firm" the amount of Three Hundred and Ninety-Nine Dollars and Sixty Cents ($399.60).  An IRS Form 1099 will be issued

DocuSign Envelope ID: D451808D-5669-4539-80C6-046ED5E4E033

to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid. Moreover, an IRS Form 1099 will be issued to Valle with respect to this amount after the end of the calendar year in which this check is paid.

      c.    <u>Installment Three:</u> The total settlement amount of Five Thousand and Seven Hundred Dollars and Thirty Cents ($5,700.30), shall be made in six (6) equal monthly payments in the amount of Nine Hundred and Fifty Dollars and Five Cents ($950.05). The first of these six installments shall be due on the first business day one (1) month following the due date of the last installment payment set forth in Section 1(b) above. Each of these monthly installment payments shall be apportioned as follows:

      i.    A check made payable to "Alfredo Valle" in the amount of Three Hundred and Sixteen Dollars and Eighty-Five Cents ($316.85), less applicable taxes and withholdings. An IRS Form W-2 will be issued to Valle with respect to this amount after the end of the calendar year in which this amount is paid;

      ii.    A check made payable to "Alfredo Valle" in the amount of Three Hundred and Sixteen Dollars and Eighty-Five Cents ($316.85). An IRS Form 1099 will be issued to Valle with respect to this amount after the end of the calendar year in which this amount is paid;

      iii.    A check made payable to "The Gilbert Firm" the amount of Three Hundred and Sixteen Dollars and Thirty-Five Cents ($316.35), An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid. Moreover, an IRS Form 1099 will be issued to Valle with respect to this amount after the end of the calendar year in which this check is paid.

      d.    As set forth above, no portion of the Settlement Sum shall be due until: (i) Defendants receive a copy of the Agreement executed by Valle; (ii) Defendants receive completed IRS Form W-9 from Valle, as well as W-9 from The Gilbert Firm; and (iii) the Court so orders the Stipulation of Dismissal, attached hereto as Exhibit A, dismissing the lawsuit, with prejudice.

      e.    Valle agrees and acknowledges that Defendants and his counsel have not made any representations to them regarding the tax consequences of any payments or amounts received by them pursuant to this Agreement. Valle agree to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the settlement payments. However, if the IRS determines that any monies paid to Valle pursuant to a 1099 should have been paid pursuant to a W-2, Defendants will pay their share of any FICA payment that would have been due and owing.

      f.    All Defendants shall execute Confessions of Judgment in the amount of $200,000.00 (Two Hundred Thousand Dollars), within ten (10) days of Defendants' counsel's receipt of an executed copy of this Agreement by the Valle. In the event of a breach of the payment obligations set forth in paragraph 1 herein, Valle, through his counsel, shall notify Defendants in writing, through their counsel, of the default. The Defendants shall then have twenty-eight (28) days to cure the breach. In the event that Defendants do not cure the breach within the cure period,

Valle shall be entitled to file the confessions of judgment for the full amount, less any amounts already paid. This shall be Valle's only recourse for a breach of this Agreement. Valle cannot seek to reinstitute the litigation. The original of the Affidavit of Confession of Judgment shall remain in the possession of The Gilbert Firm and, upon satisfaction of the payment obligations set forth in this Agreement, shall be destroyed. The Gilbert Firm shall confirm in writing the destruction of the Confessions of Judgement.

2. **No Consideration Absent Execution of this Agreement.** Valle understands and agrees that he would not receive the monies specified in paragraph "1" above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Wage and Hour Claims.** Valle knowingly and voluntarily releases and forever discharge, to the full extent permitted by law, the Defendants, as well as Cleanly, Inc.'s current and former owners, stockholders, predecessors, successors, assigns, directors, officers, employees, attorneys, insurers, reinsurers, parents and subsidiaries, ("Releasees"), from any and all wage and hour claims, including, but not limited to, claims under the FLSA and NYLL, that the Valle has or may have against Releasees as of the date of the Valle's execution of this Agreement, whether known or unknown, asserted or unasserted, including for attorneys' fees and costs in connection with any asserted or unasserted wage and hour claim.

4. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the general release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

5. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

6. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

7. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto with respect to the Valle's wage and hour claims against the Defendants, and fully supersedes any prior agreements or understandings between the Parties with respect to the Valle's wage and hour claims. Valle acknowledges that he has not relied on any representations, promises, or agreements of any kind made to them in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

8. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together

4

constitute but one Agreement.

9.    **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**VALLE IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**VALLE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

ALFREDO VALLE

By:_____
        Alfredo Valle

Date:____07 / 08 / 2021_____

CLEANLY, INC.

By:_____
        Kam Saifi

Date:_____

TOM HARARI

By:_____
        Tom Harari

Date:_____

ITAY FORER

By:_____

5

constitute but one Agreement.

9. **Facsimile and Electronic Signatures.** Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**VALLE IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**VALLE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

ALFREDO VALLE

By:_____
        Alfredo Valle

Date:_____

CLEANLY, INC.

By:_____
        Kam Saifi

Date:_____


TOM HARARI

By:_____
        Tom Harari

Date:_____
        7/8/2021

ITAY FORER

By:_____

5

Itay Forer

7/8/2021
Date:_____

constitute but one Agreement.

9.    **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**VALLE IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**VALLE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

ALFREDO VALLE

By:_____
        Alfredo Valle

Date:_____

CLEANLY, INC.
        *Zack Saifi*
By:_____
        Zack Saifi

        7/14/2021
Date:_____


TOM HARARI

By:_____
        Tom Harari

Date:_____

ITAY FORER

By:_____

5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

PARIX ARIAS, DAGOBERTO VELEZ, KWASI
DICKSON, MICHAEL HOWELL, JARED VELEZ,
MAURICE PERRY, ALFREDO VALLE on behalf of
themselves and all others similarly situated,

Plaintiffs,

20-cv-860 (MKB)(PK)

-against-

CLEANLY INC., ITAY FORER, TOM HARARI, and
WASH SUPPLY LAUNDOMAT, INC.

Defendants.

-------------------------------------------------------------------X

## <u>NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE ("Agreement")</u>

WHEREAS Defendants Cleanly Inc., Itay Forer and Tom Harari (collectively, the "Defendants"), on the one hand, and Plaintiff Parix Arias ("Arias"), together with Defendants, the "Parties"), on the other hand, agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve all wage and hour claims Arias has or might have against Defendants, including claims asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in the pending action: *Parix Arias v. Cleanly Inc., et al.*, No. 20-cv-860 (MKB)(PK) (the "lawsuit");

WHEREAS, the Parties understand and agree that the Defendants deny each and every allegation of wrongdoing set forth by Arias in the lawsuit;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by the Defendants of guilt or non-compliance with any federal, state, city or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever;

WHEREAS, Arias desires, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to the Defendants;

1

DocuSign Envelope ID: D451808D-5669-4539-80C6-046ED5E4E033

WHEREAS, the terms, conditions, and implications of this Agreement, including the Release incorporated herein, have been explained to Arias by his respective attorney;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

1.    **Consideration**. In consideration for Arias signing this Agreement and complying with its terms, the Defendants agree to pay to Arias the total sum of Thirty Thousand and Two Hundred Dollars and Twenty-Five Cents ($30,200.25).  This sum will be paid as follows:

a.    Installment One: A payment of Nine Thousand and Fifty Nine Dollars and Ninety Nine Cents ($9,059.99) shall be made within thirty (30) days of the Court's approval of the settlement and dismissal of this action with prejudice, so long as, by that time, Defendants have received (i) a fully executed copy of this Agreement; and (ii) an IRS Form W-9.  Payment of this sum shall be apportioned as follows:

i.    A check made payable to "Parix Arias" in the amount of Two Thousand Two Hundred and Eight Dollars and Fifty-Two Cents ($2,208.52), less applicable taxes and withholdings, to be reported on an IRS Form W-2;

ii.    A check made payable to "Parix Arias" in the amount of Two Thousand Two Hundred and Eight Dollars and Fifty-Three Cents ($2,208.53), reportable on an IRS Form 1099;

iii.    A check made payable to "The Gilbert Firm" the amount of Four Thousand Six Hundred and Forty-Two Dollars and Ninety-Four Cents ($4,642.94).  An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid.  Moreover, an IRS Form 1099 will be issued to Parix with respect to this amount after the end of the calendar year in which this check is paid.

b.    Installment Two: The total installment amount of Nine Thousand Six Hundred and Sixty-Four Dollars and No Cents ($9,664.00) shall be made in four (4) equal quarterly payments in the amount of Two Thousand Four Hundred and Sixteen Dollars and No Cents ($2,416.00), with the first such payment due on the first business day three months following the deadline for the first installment payment referenced in Section 2(a) above.  Each of these individual four (4) installment payments shall be apportioned as follows:

i.    A check made payable to "Parix Arias" in the amount of Eight Hundred and Five Dollars and Seventy-Three Cents ($805.73), less applicable taxes and withholdings, to be reported on an IRS Form W-2;

ii.    A check made payable to "Parix Arias" in the amount of Eight Hundred and Five Dollars and Seventy-Four Cents ($805.74), reportable on an IRS Form 1099;

iii.    A check made payable to "The Gilbert Firm" the amount of Eight

2

Hundred and Four Dollars and Fifty-Three Cents ($804.53). An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid. Moreover, an IRS Form 1099 will be issued to Parix with respect to this amount after the end of the calendar year in which this check is paid.

      c.    <u>Installment Three:</u> The total installment amount of Eleven Thousand Four Hundred and Seventy-Six Dollars and Twenty-Six Cents ($11,476.26) shall be made in six (6) equal monthly payments in the amount of One Thousand Nine Hundred and Twelve Dollars and Seventy-One Cents ($1,912.71). The first of these six installments shall be due on the first business day one (1) month following the due date of the last installment payment set forth in Section 1(b) above. Each of these monthly installment payments shall be apportioned as follows:

      i.    A check made payable to "Parix Arias" in the amount of Six Hundred and Thirty-Seven Dollars and Ninety Cents ($637.90), less applicable taxes and withholdings. An IRS Form W-2 will be issued to Arias with respect to this amount after the end of the calendar year in which this amount is paid;

      ii.    A check made payable to "Parix Arias" in the amount of Six Hundred and Thirty-Seven Dollars and Ninety Cents ($637.90). An IRS Form 1099 will be issued to Arias with respect to this amount after the end of the calendar year in which this amount is paid;

      iii.    A check made payable to "The Gilbert Firm" the amount of Six Hundred and Thirty-Six Dollars and Ninety-One Cents ($636.91), An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid. Moreover, an IRS Form 1099 will be issued to Arias with respect to this amount after the end of the calendar year in which this check is paid.

      d.    As set forth above, no portion of the Settlement Sum shall be due until: (i) Defendants receive a copy of the Agreement executed by Arias; (ii) Defendants receive completed IRS Forms W-9 from Valle, as well as W-9 from The Gilbert Firm; and (iii) the Court so orders the Stipulation of Dismissal, attached hereto as Exhibit A, dismissing the lawsuit, with prejudice.

      e.    Arias agrees and acknowledges that Defendants and his counsel have not made any representations to them regarding the tax consequences of any payments or amounts received by them pursuant to this Agreement. Arias agree to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the settlement payments. However, if the IRS determines that any monies paid to Arias pursuant to a 1099 should have been paid pursuant to a W-2, Defendants will pay their share of any FICA payment that would have been due and owing.

      f.    All Defendants shall execute Confessions of Judgment in the amount of $200,000.00 (Two Hundred Thousand Dollars), within ten (10) days of Defendants' counsel's receipt of an executed copy of this Agreement by the Arias. In the event of a breach of the payment obligations set forth in paragraph 1 herein, Arias, through his counsel, shall notify Defendants in writing, through their counsel, of the default. The Defendants shall then have twenty-eight (28)

days to cure the breach. In the event that Defendants do not cure the breach within the cure period, Arias shall be entitled to file the confessions of judgment for the full amount, less any amounts already paid. This shall be Arias's only recourse for a breach of this Agreement. Arias cannot seek to reinstitute the litigation. The original of the Affidavit of Confession of Judgment shall remain in the possession of The Gilbert Firm and, upon satisfaction of the payment obligations set forth in this Agreement, shall be destroyed. The Gilbert Firm shall confirm in writing the destruction of the Confessions of Judgement.

2. **No Consideration Absent Execution of this Agreement.** Arias understands and agrees that he would not receive the monies specified in paragraph "1" above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Wage and Hour Claims.** Arias knowingly and voluntarily releases and forever discharge, to the full extent permitted by law, the Defendants, as well as Cleanly, Inc.'s current and former owners, stockholders, predecessors, successors, assigns, directors, officers, employees, attorneys, insurers, reinsurers, parents and subsidiaries, ("Releasees"), from any and all wage and hour claims, including, but not limited to, claims under the FLSA and NYLL, that the Arias has or may have against Releasees as of the date of the Arias's execution of this Agreement, whether known or unknown, asserted or unasserted, including for attorneys' fees and costs in connection with any asserted or unasserted wage and hour claim.

4. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the general release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

5. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

6. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

7. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto with respect to the Arias's wage and hour claims against the Defendants, and fully supersedes any prior agreements or understandings between the Parties with respect to the Arias's wage and hour claims. Arias acknowledges that he has not relied on any representations, promises, or agreements of any kind made to them in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

8. **Counterparts.** This Agreement may be executed in any number of counterparts,

4

each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

9.   **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**ARIAS IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**ARIAS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

PARIX ARIAS

By:_____
        Parix Arias

Date:_07 / 08 / 2021_____

CLEANLY, INC.

By:_____
        Kam Saifi

Date:_____

TOM HARARI

By:_____
        Tom Harari

Date:_____

ITAY FORER

5

Doc ID: 110b5a618b95a0f550e792bec09caa03521be9cc

each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

9. **Facsimile and Electronic Signatures.** Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**ARIAS IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**ARIAS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

PARIX ARIAS

By:_____
       Parix Arias

Date:_____

CLEANLY, INC.

By:_____
       Kam Saifi

Date:_____

TOM HARARI

By: *Tom Harari*
_____
       Tom Harari

Date: 7/8/2021
_____

ITAY FORER

5

By:_____
     Itay Forer

Date: 7/8/2021
_____

6

each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

9.   **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**ARIAS IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**ARIAS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

PARIX ARIAS

By:_____
        Parix Arias

Date:_____

CLEANLY, INC.

By:___*Zack Saifi*_____
        Zack Saifi

Date:___7/14/2021_____


TOM HARARI

By:_____
        Tom Harari

Date:_____

ITAY FORER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

PARIX ARIAS, DAGOBERTO VELEZ, KWASI
DICKSON, MICHAEL HOWELL, JARED VELEZ,
MAURICE PERRY, ALFREDO VALLE on behalf of
themselves and all others similarly situated,

                                   Plaintiffs,

               -against-

CLEANLY INC., ITAY FORER, TOM HARARI, and
WASH SUPPLY LAUNDOMAT, INC.

                             Defendants.

20-cv-860 (MKB)(PK)

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE ("Agreement")

       WHEREAS Defendants Cleanly Inc., Itay Forer and Tom Harari (collectively, the "Defendants"), on the one hand, and Plaintiff Dabogerto Velez ("Velez"), together with Defendants, the "Parties"), on the other hand, agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve all wage and hour claims Velez has or might have against Defendants, including claims asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in the pending action: *Parix Arias v. Cleanly Inc., et al.*, No. 20-cv-860 (MKB)(PK) (the "lawsuit");

       WHEREAS, the Parties understand and agree that the Defendants deny each and every allegation of wrongdoing set forth by Velez in the lawsuit;

       WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by the Defendants of guilt or non-compliance with any federal, state, city or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever;

       WHEREAS, Velez desires, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to the Defendants;

WHEREAS, the terms, conditions, and implications of this Agreement, including the Release incorporated herein, have been explained to Velez by his respective attorney;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

1.   **Consideration**. In consideration for Velez signing this Agreement and complying with its terms, the Defendants agree to pay to Velez the total sum of Twenty Thousand Five Hundred Dollars and Eighty-Nine Cents ($20,599.89). This sum will be paid as follows:

a.   <u>Installment One</u>: A payment of Six Thousand One Hundred and Seventy Nine Dollars and Ninety-Nine Cents ($6,179.99) shall be made within thirty (30) days of the Court's approval of the settlement and dismissal of this action with prejudice, so long as, by that time, Defendants have received (i) a fully executed copy of this Agreement; and (ii) an IRS Form W-9. Payment of this sum shall be apportioned as follows:

i.   A check made payable to "Dabogerto Velez" in the amount of One Thousand Five Hundred and Six Dollars and Forty-Seven Cents ($1,506.47), less applicable taxes and withholdings, to be reported on an IRS Form W-2;

ii.   A check made payable to "Dabogerto Velez" in the amount of One Thousand Five Hundred and Six Dollars and Forty-Eight Cents ($1,506.48), reportable on an IRS Form 1099;

iii.   A check made payable to "The Gilbert Firm" the amount of Three Thousand One Hundred and Sixty-Seven Dollars and Four Cents ($3,167.04). An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid. Moreover, an IRS Form 1099 will be issued to Velez with respect to this amount after the end of the calendar year in which this check is paid.

b.   <u>Installment Two</u>: The total installment amount of Six Thousand Five Hundred and Ninety-Two Dollars and No Cents ($6,592.00) shall be made in four (4) equal quarterly payments in the amount of One Thousand Six Hundred and Forty Eight Dollars and No Cents ($1,648.00), with the first such payment due on the first business day three months following the deadline for the first installment payment referenced in Section 2(a) above. Each of these individual four (4) installment payments shall be apportioned as follows:

i.   A check made payable to "Dabogerto Velez" in the amount of Five Hundred Forty-Nine Dollars and Sixty-One Cents ($549.61), less applicable taxes and withholdings, to be reported on an IRS Form W-2;

ii.   A check made payable to "Dabogerto Velez" in the amount of Five Hundred Forty-Nine Dollars and Sixty-One Cents ($549.61), reportable on an IRS Form 1099;

iii.   A check made payable to "The Gilbert Firm" the amount of Five

2

DocuSign Envelope ID: D451808D-5669-4539-80C6-046ED5E4E033

Hundred Forty-Eight Dollars and Seventy-Eight Cents ($548.78). An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid. Moreover, an IRS Form 1099 will be issued to Velez with respect to this amount after the end of the calendar year in which this check is paid.

      c.   <u>Installment Three:</u> The total installment amount of Seven Thousand Eight Hundred and Twenty-Seven Dollars and Ninety Cents ($7,827.90) shall be made in six (6) equal monthly payments in the amount of One Thousand Three Hundred and Four Dollars and Sixty-Six Cents ($1,304.65). The first of these six installments shall be due on the first business day one (1) month following the due date of the last installment payment set forth in Section 1(b) above. Each of these monthly installment payments shall be apportioned as follows:

            i.   A check made payable to "Dabogerto Velez" in the amount of Four Hundred Thirty-Five Dollars and Ten Cents ($435.10), less applicable taxes and withholdings. An IRS Form W-2 will be issued to Velez with respect to this amount after the end of the calendar year in which this amount is paid;

            ii.   A check made payable to "Dabogerto Velez" in the amount of Four Hundred Thirty-Five Dollars and Ten Cents ($435.10). An IRS Form 1099 will be issued to Velez with respect to this amount after the end of the calendar year in which this amount is paid;

            iii.   A check made payable to "The Gilbert Firm" the amount of Four Hundred and Thirty-Four Dollars and Forty-Five Cents ($434.45). An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid. Moreover, an IRS Form 1099 will be issued to Velez with respect to this amount after the end of the calendar year in which this check is paid.

      d.   As set forth above, no portion of the Settlement Sum shall be due until: (i) Defendants receive a copy of the Agreement executed by Velez; (ii) Defendants receive completed IRS Forms W-9 from Velez, as well as W-9 from The Gilbert Firm; and (iii) the Court so orders the Stipulation of Dismissal, attached hereto as Exhibit A, dismissing the lawsuit, with prejudice.

      e.   Velez agrees and acknowledges that Defendants and his counsel have not made any representations to them regarding the tax consequences of any payments or amounts received by them pursuant to this Agreement. Velez agree to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the settlement payments. However, if the IRS determines that any monies paid to Velez pursuant to a 1099 should have been paid pursuant to a W-2, Defendants will pay their share of any FICA payment that would have been due and owing.

      f.   All Defendants shall execute Confessions of Judgment in the amount of $200,000.00 (Two Hundred Thousand Dollars), within ten (10) days of Defendants' counsel's receipt of an executed copy of this Agreement by the Velez. In the event of a breach of the payment obligations set forth in paragraph 1 herein, Velez, through his counsel, shall notify Defendants in writing, through their counsel, of the default. The Defendants shall then have twenty-eight (28)

DocuSign Envelope ID: D451808D-5669-4539-80C6-046ED5E4E033

days to cure the breach. In the event that Defendants do not cure the breach within the cure period, Velez shall be entitled to file the confessions of judgment for the full amount, less any amounts already paid. This shall be Velez's only recourse for a breach of this Agreement. Velez cannot seek to reinstitute the litigation. The original of the Affidavit of Confession of Judgment shall remain in the possession of The Gilbert Firm and, upon satisfaction of the payment obligations set forth in this Agreement, shall be destroyed. The Gilbert Firm shall confirm in writing the destruction of the Confessions of Judgement.

2.      **No Consideration Absent Execution of this Agreement.**  Velez understands and agrees that he would not receive the monies specified in paragraph "1" above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

3.      **Release of Wage and Hour Claims.**  Velez knowingly and voluntarily releases and forever discharge, to the full extent permitted by law, the Defendants, as well as Cleanly, Inc.'s current and former owners, stockholders, predecessors, successors, assigns, directors, officers, employees, attorneys, insurers, reinsurers, parents and subsidiaries, ("Releasees"), from any and all wage and hour claims, including, but not limited to, claims under the FLSA and NYLL, that the Velez has or may have against Releasees as of the date of the Velez's execution of this Agreement, whether known or unknown, asserted or unasserted, including for attorneys' fees and costs in connection with any asserted or unasserted wage and hour claim.

4.      **Governing Law and Interpretation.**  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the general release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

5.      **Nonadmission of Wrongdoing.**  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

6.      **Amendment.**  This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

7.      **Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties hereto with respect to the Velez's wage and hour claims against the Defendants, and fully supersedes any prior agreements or understandings between the Parties with respect to the Velez's wage and hour claims. Velez acknowledges that he has not relied on any representations, promises, or agreements of any kind made to them in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

8.      **Counterparts.**  This Agreement may be executed in any number of counterparts,

4

each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

9. **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**VELEZ IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**VELEZ FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

DAGOBERTO VELEZ

By:_____
         Dagoberto Velez

Date:____07 / 08 / 2021_____

CLEANLY, INC.

By:_____
         Kam Saifi

Date:_____

TOM HARARI

By:_____
         Tom Harari

Date:_____

ITAY FORER

5

Doc ID: e8576928b01b17829756be9671aa47ea2c418b31

each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

      9.   **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**VELEZ IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**VELEZ FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

      The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

DAGOBERTO VELEZ

By:_____
     Dagoberto Velez

Date:_____

CLEANLY, INC.

By:_____
     Kam Saifi

Date:_____

TOM HARARI

By:  *Tom Harari*
_____
     Tom Harari

     7/8/2021
Date:_____

ITAY FORER

By:_____
     Itay Forer

Date:_____7/8/2021_____

each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

9.     **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**VELEZ IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**VELEZ FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

DAGOBERTO VELEZ

By:_____
        Dagoberto Velez

Date:_____

CLEANLY, INC.

By:___*Zack Saifi*_____
        Zack Saifi

Date:___7/14/2021_____

TOM HARARI

By:_____
        Tom Harari

Date:_____

ITAY FORER

5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

PARIX ARIAS, DAGBOERTO VELEZ, KWASI
DICKSON, MICHAEL HOWELL, JARED VELEZ,
MAURICE PERRY, ALFREDO VALLE on behalf of
themselves and all others similarly situated,

                                 Plaintiffs,               20-cv-860 (MKB)(PK)

                  -against-

CLEANLY INC., ITAY FORER, TOM HARARI, and
WASH SUPPLY LAUNDOMAT, INC.

                             Defendants.

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE ("Agreement")

        WHEREAS Defendants Cleanly Inc., Itay Forer and Tom Harari (collectively, the "Defendants"), on the one hand, and Plaintiff Jared Velez ("Velez"), together with Defendants, the "Parties"), on the other hand, agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve all wage and hour claims Velez has or might have against Defendants, including claims asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in the pending action: *Parix Arias v. Cleanly Inc., et al.*, No. 20-cv-860 (MKB)(PK) (the "lawsuit");

        WHEREAS, the Parties understand and agree that the Defendants deny each and every allegation of wrongdoing set forth by Velez in the lawsuit;

        WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by the Defendants of guilt or non-compliance with any federal, state, city or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever;

        WHEREAS, Velez desires, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to the Defendants;

WHEREAS, the terms, conditions, and implications of this Agreement, including the Release incorporated herein, have been explained to Velez by his respective attorney;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

1.    **Consideration**. In consideration for Velez signing this Agreement and complying with its terms, the Defendants agree to pay to Velez the total sum of Ten Thousand Four Hundred Dollars and No Cents ($10,400.00).  This sum will be paid as follows:

a.    Installment One: A payment of Three Thousand One Hundred Twenty Dollars and Fourteen Cents ($3,120.14) shall be made within thirty (30) days of the Court's approval of the settlement and dismissal of this action with prejudice, so long as, by that time, Defendants have received (i) a fully executed copy of this Agreement; and (ii) an IRS Form W-9. Payment of this sum shall be apportioned as follows:

i.    A check made payable to "Jared Velez" in the amount of Seven Hundred Sixty and Fifty Cents ($760.75), less applicable taxes and withholdings, to be reported on an IRS Form W-2;

ii.    A check made payable to "Jared Velez" in the amount of Seven Hundred Sixty and Fifty Cents ($760.50), reportable on an IRS Form 1099;

iii.    A check made payable to "The Gilbert Firm" the amount of One Thousand Five Hundred and Ninety-Eight Dollars and Eighty-Nine Cents ($1,598.89).  An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid.  Moreover, an IRS Form 1099 will be issued to Velez with respect to this amount after the end of the calendar year in which this check is paid.

b.    Installment Two: The total installment amount of Three Thousand Three Hundred and Twenty-Seven Dollars and Ninety Six Cents Cents ($3,327.96) shall be made in four (4) equal quarterly payments in the amount of T Eight Hundred Twenty One Dollars and Ninety Nine Cents ($821.99), with the first such payment due on the first business day three months following the deadline for the first installment payment referenced in Section 2(a) above.  Each of these individual four (4) installment payments shall be apportioned as follows:

i.    A check made payable to "Jared Velez" in the amount of Two Hundred Seventy-Two Dollars and Forty-Seven Cents ($277.47), less applicable taxes and withholdings, to be reported on an IRS Form W-2;

ii.    A check made payable to "Jared Velez" in the amount of Two Hundred Seventy-Two Dollars and Forty-Seven Cents ($277.47), reportable on an IRS Form 1099;

iii.    A check made payable to "The Gilbert Firm" the amount of Two Hundred Seventy-Seven Dollars and Five Cents ($277.05).  An IRS Form 1099 will be issued to

2

The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid. Moreover, an IRS Form 1099 will be issued to Velez with respect to this amount after the end of the calendar year in which this check is paid.

       c.    <u>Installment Three:</u> The total installment amount of Three Thousand Nine Hundred and Fifty-One Dollars and Ninety Cents ($3,951.90) shall be made in six (6) equal monthly payments in the amount of Six Hundred Fifty-Eight Dollars and Sixty-Five Cents ($658.65). The first of these six installments shall be due on the first business day one (1) month following the due date of the last installment payment set forth in Section 1(b) above. Each of these monthly installment payments shall be apportioned as follows:

          i.    A check made payable to "Jared Velez" in the amount of Two Hundred and Nineteen Dollars and Sixty-Six Cents ($219.66), less applicable taxes and withholdings. An IRS Form W-2 will be issued to Velez with respect to this amount after the end of the calendar year in which this amount is paid;

          ii.    A check made payable to "Jared Velez" in the amount of Two Hundred and Nineteen Dollars and Sixty-Six Cents ($219.66). An IRS Form 1099 will be issued to Velez with respect to this amount after the end of the calendar year in which this amount is paid;

          iii.    A check made payable to "The Gilbert Firm" the amount of Two Hundred and Nineteen Dollars and Thirty-Three Cents ($219.33). An IRS Form 1099 will be issued to The Gilbert Firm with respect to this amount after the end of the calendar year in which this check is paid. Moreover, an IRS Form 1099 will be issued to Velez with respect to this amount after the end of the calendar year in which this check is paid.

       d.    As set forth above, no portion of the Settlement Sum shall be due until: (i) Defendants receive a copy of the Agreement executed by Velez; (ii) Defendants receive completed IRS Forms W-9 from Velez, as well as W-9 from The Gilbert Firm; and (iii) the Court so orders the Stipulation of Dismissal, attached hereto as Exhibit A, dismissing the lawsuit, with prejudice.

       e.    Velez agrees and acknowledges that Defendants and his counsel have not made any representations to them regarding the tax consequences of any payments or amounts received by them pursuant to this Agreement. Velez agree to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the settlement payments. However, if the IRS determines that any monies paid to Velez pursuant to a 1099 should have been paid pursuant to a W-2, Defendants will pay their share of any FICA payment that would have been due and owing.

       f.    All Defendants shall execute Confessions of Judgment in the amount of $200,000.00 (Two Hundred Thousand Dollars), within ten (10) days of Defendants' counsel's receipt of an executed copy of this Agreement by the Velez. In the event of a breach of the payment obligations set forth in paragraph 1 herein, Velez, through his counsel, shall notify Defendants in writing, through their counsel, of the default. The Defendants shall then have twenty-eight (28) days to cure the breach. In the event that Defendants do not cure the breach within the cure period,

Velez shall be entitled to file the confessions of judgment for the full amount, less any amounts already paid. This shall be Velez's only recourse for a breach of this Agreement. Velez cannot seek to reinstitute the litigation. The original of the Affidavit of Confession of Judgment shall remain in the possession of The Gilbert Firm and, upon satisfaction of the payment obligations set forth in this Agreement, shall be destroyed. The Gilbert Firm shall confirm in writing the destruction of the Confessions of Judgement.

2.    **No Consideration Absent Execution of this Agreement.** Velez understands and agrees that he would not receive the monies specified in paragraph "1" above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

3.    **Release of Wage and Hour Claims.** Velez knowingly and voluntarily releases and forever discharge, to the full extent permitted by law, the Defendants, as well as Cleanly, Inc.'s current and former owners, stockholders, predecessors, successors, assigns, directors, officers, employees, attorneys, insurers, reinsurers, parents and subsidiaries, ("Releasees"), from any and all wage and hour claims, including, but not limited to, claims under the FLSA and NYLL, that the Velez has or may have against Releasees as of the date of the Velez's execution of this Agreement, whether known or unknown, asserted or unasserted, including for attorneys' fees and costs in connection with any asserted or unasserted wage and hour claim.

4.    **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the general release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

5.    **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

6.    **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

7.    **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto with respect to the Velez's wage and hour claims against the Defendants, and fully supersedes any prior agreements or understandings between the Parties with respect to the Velez's wage and hour claims. Velez acknowledges that he has not relied on any representations, promises, or agreements of any kind made to them in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

8.    **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together

constitute but one Agreement.

9.    **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**VELEZ IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**VELEZ FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

JARED VELEZ

By:_____
          Jared Velez

Date:____07 / 07 / 2021_____

CLEANLY, INC.

By:_____
          Kam Saifi

Date:_____

TOM HARARI

By:_____
          Tom Harari

Date:_____

5

Doc ID: 5598e76f5172463c134ed617da76d9e099ad9561

constitute but one Agreement.

9.    **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**VELEZ IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**VELEZ FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

JARED VELEZ

By:_____
        Jared Velez

Date:_____

CLEANLY, INC.

By:_____
        Kam Saifi

Date:_____


TOM HARARI

By: *Tom Harari*
        _____
        Tom Harari

Date: 7/8/2021
        _____

5

ITAY FORER

By:_____
           Itay Forer

Date:_____
         7/8/2021

constitute but one Agreement.

9.     **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

**VELEZ IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT.**

**VELEZ FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PURSUANT TO PARAGRAPH 3 THAT HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

JARED VELEZ

By:_____
         Jared Velez

Date:_____

CLEANLY, INC.
            *Zack Saifi*
By:_____
         Zack Saifi

         7/14/2021
Date:_____

TOM HARARI

By:_____
         Tom Harari

Date:_____